IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 OCT 12  A 9 43

| | |
|---|---|
| Willie B. Brown, III, #187795, ) | C. A. No. 2:06-0241-RBH-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Jon Ozmint, Director of SCDC; ) and Henry McMaster, Attorney ) General of South Carolina, ) | |
| Defendants. ) | |

This habeas corpus petition filed January 23, 2006, under 28 U.S.C. § 2254 by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on April 19, 2006. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Willie B. Brown, III, is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Charleston County. Petitioner was indicted in August 1991 for murder (91-GS-10-3992) and first degree burglary. (91-GS-10-3993). The State served notice of intent to seek the death penalty. (1992 Transcript, pp. 3 and 6). D. Ashley Pennington, Equire, and Ann M. Stirling, Esquire, were appointed to represent Petitioner on the charges. On August 5, 1992, Petitioner entered a guilty plea, pursuant to

1

negotiated terms, for a sentence of life with thirty-year parole eligibility. (1992 Transcript, pp. 12-13). The Honorable William H. Howard heard and accepted the plea and sentenced Petitioner to concurrent life terms. (1992 Transcript, p. 52). Petitioner did not appeal his plea or sentence.

On July 3, 2001, Petitioner filed a pro se application for post-conviction relief ("PCR"), in which he raised the following claim:

> (a) The Circuit Court Lacked Subject Matter Jurisdiction.

(2001 PCR Application, p. 3).

On January 31, 2002, the State made its return to the application and moved to dismiss. Clark D. Hopkins, Esquire, was appointed to represent Petitioner; however, Petitioner moved to relieve counsel of appointment and retain private counsel, Harry L. Devoe, Jr., Esquire. (2002 Motion to Recuse PCR Counsel). On September 11, 2002, the Honorable A. Victor Rawl relieved counsel of appointment, and continued the matter to allow Petitioner time to transition to new counsel with the caveat that "[i]f Mr. Devoe does not represent Applicant, he will proceed pro se." (September 11, 2002 Order). A hearing on the State's motion to dismiss was convened on March 10, 2003, before the Honorable J. Markley Dennis. Judge Dennis questioned Petitioner concerning counsel. Petitioner stated that he was not able to retain Devoe and that he would represent himself in the proceeding. (2003 Transcript,

2

pp. 3-4). At the conclusion of the hearing, Judge Dennis granted the State's motion to dismiss. (2003 Transcript, p. 7). On April 4, 2003, the PCR judge issued a written order that dismissed the action with prejudice. (2003 Order). Petitioner appealed the dismissal.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a <u>Johnson</u> Petition for Writ of Certiorari in the Supreme Court of South Carolina on September 26, 2003, and raised the following issue:

> Whether there was sufficient evidence to support the PCR judge's findings that petitioner's application was barred by the statute of limitations?

(2003 Petition, p. 2).

On June 9, 2004, appellate counsel moved to dismiss the appeal and presented an affidavit from Petitioner expressing his desire to drop the appeal. (June 9, 2004, Letter with attachment). On June 10, 2004, the state supreme court issued an order of dismissal, and issued the remittitur on June 28, 2004.

On August 3, 2004, Petitioner filed a second PCR application in which he raised the following claims:

> (a) Applicant's Guilty Pleas to Murder and Burglary were entered in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution wherein it was entered because of coercion and the ineffective assistance of trial counsel and was therefore not entered knowingly, voluntarily and intelligently.

3

> (b) Applicant was denied his Sixth Amendment right to the Effective Assistance of Trial Counsel prior to, during, and after his plea of guilty;
>
> (c) Applicant was denied his Sixth and Fourteenth Amendment rights to the effective assistance of counsel for his direct appeal as of right.
>
> (d) The Applicant's Conviction and sentence for Burglary violated Applicant's Fourteenth Amendment right to Due Process wherein the Court lacked jurisdiction to convict and sentence Applicant for an act that is not a crime.
>
> (e) Applicant was denied his Federal and State Due Process and Equal protection rights wherein he was denied his state law right to the assistance of appointed counsel for indigents in state PCR proceedings.

(2004 PCR Application, p. 3)

On September 29, 2004, the State made its return and moved to dismiss for failure to timely file and as successive. E. Ellen Howard, Esquire, represented Petitioner in the action. A hearing on the State's motion was held July 28, 2005, before the Honorable Kenneth G. Goode. Judge Goode granted the state's motion and issued a written order of dismissal on August 9, 2005. Petitioner sought an appeal. On September 22, 2005, the Supreme Court of South Carolina issued an order dismissing the action finding that Petitioner failed to show an arguable basis for asserting the PCR judge's ruling was improper. The state court issued the remittitur on October 10, 2005.

The following documents have been made part of the record here:

1.  Indictments and Sentencing Sheets;

2.  August 5, 1992, Plea Transcript;

3.  2001 PCR Application;

4.  Return to 2001 PCR Application and Motion to Dismiss;

5.  Motion to Recuse PCR Counsel;

6.  September 11, 2002, Order and Notice of Entry of Order (continuing case and allowing Petitioner to substitute retained counsel);

7.  March 10, 2003, PCR Hearing Transcript;

8.  April 4, 2003, Order of Dismissal;

9.  2003 *Johnson* Petition for Writ of Certiorari;

10. June 9, 2004, Letter (requesting dismissal of appeal);

11. June 10, 2004 Order of Dismissal;

12. June 28, 2004 Remittitur;

13. 2004 PCR Application;;

14. Return to 2004 PCR Application and Motion to Dismiss;

15. August 9, 2005, Order of Dismissal with Prejudice;

16. August 19, 2005, Notice of Appeal;

17. Transcript of the July 28, 2005, PCR hearing;

18. September 22, 2005, Order (dismissing appeal);

19. October 10, 2005, Remittitur.

## **GROUNDS FOR RELIEF**

In his Petition for a Writ of Habeas Corpus, Petitioner

raises the following challenge to his conviction:

> **Ground One:** The Applicant's conviction and sentence for Burglary violated his Fourteenth Amendment right to Due Process wherein the Court lacked Jurisdiction.
>
> **Ground Two:** Applicant was denied his Sixth (6th) and Fourteenth (14th) Amendment rights to effective assistance of counsel for his direct appeal as of right.
>
> **Ground Three:** Applicant was denied his Federal and State Due Process and Equal protection rights wherein he was denied his State law right to the assistance of appointed counsel for indigents in State PCR proceedings.
>
> **Ground Four:** Petitioner's Guilty Pleas to Murder and Burglary were entered in violation of the Fourteenth (14th) Amendment.
>
> **Ground Five:** Applicant was denied his Sixth Amendment right to the effective assistance of counsel prior to, during and after his plea of guilty;

(Habeas Petition, pp. 6, 7, 9, 11, and 14).

The petitioner was provided a copy of the respondents' summary judgment motion on April 19, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner responded to the motion on June 12, 2006. Hence it appears consideration of the motion is appropriate.

## **DISCUSSION**

A review of the record and relevant case law indicates that the respondent's correct assertion that this matter is untimely is dispositive of the entire matter and the petition should be dismissed on that basis.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to Title 28 provide for a one-year period of limitation on the filing of a federal habeas corpus petition. See 28 U.S.C. § 2244(d). Subsection (d)(1)(A) of section 2244 provides that the limitations period shall run from the date when the judgment of conviction became final at the conclusion of direct review. Id. Subsection (d)(2) of section 2244 provides that the limitations period is tolled while state post-conviction or collateral attack actions are pending. Id.

Petitioner's conviction was finalized on August 15, 1992, when the time ran to seek a direct appeal from his conviction. However, because the AEDPA was not effective until April 24, 1996, Petitioner had one year, until April 24, 1997, in which to timely file a petition under 28 U.S.C. §2254. Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000). The Houston v. Lack, 487 U.S. 266 (1988), delivery date of the instant petition is January 19, 2006. Therefore, this petition was filed over eight (8) years too late and should be dismissed as untimely under the AEDPA.

## CONCLUSION

Accordingly for the aforementioned reason, it is recommended that the respondents' motion for summary judgment be granted and this matter be dismissed as untimely under the AEDPA. 28 U.S.C. §2244(d).

Respectfully Submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

October __11__, 2006

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>&</u>
The **Serious Consequences** <u>of a Failure to Do So</u>

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter,</u> a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
