UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Willie B. Brown, III, #187795, | ) | C/A No. 2:06-0241-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Jon Ozmint, Director of SCDC, and | ) | |
| Henry McMaster, Attorney | ) | |
| General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Willie B. Brown, III, is an inmate of the South Carolina Department of Corrections ("SCDC") currently incarcerated at Broad River Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The *Houston v. Lack*[1] delivery date for the petition is January 19, 2006.

**PROCEDURAL HISTORY**

Petitioner was indicted in Charleston County for burglary, first degree, and murder in August of 1991. The state notified the petitioner that it would seek the death penalty. Petitioner pleaded guilty to the charges under a negotiated plea on August 5, 1992 before Judge William L. Howard in the Court of General Sessions for Charleston County, South Carolina. Under the plea agreement, the state agreed not to seek the death penalty, and the parties agreed that the petitioner would not be eligible for parole for thirty years. Judge Howard sentenced the petitioner to concurrent life terms. Petitioner did not appeal his conviction or sentence.

---

[1] *Houston v. Lack*, 487 U.S. 266 (1988).

1

On July 3, 2001, the petitioner filed a *pro se* application for post-conviction relief ("PCR") in state circuit court on grounds that the court lacked subject matter jurisdiction over his case. On January 31, 2002, the state moved to dismiss the PCR. The petitioner then moved to relieve his appointed attorney and retain counsel, Harry L. Devoe, Jr, Esquire. On September 11, 2002, Judge A. Victor Rawl relieved appointed counsel, continued the case to give time to transition to new counsel, and ruled that if Mr. Devoe did not represent him, then the petitioner would proceed *pro se*.

A hearing was held on March 10, 2003, before Circuit Judge J. Markley Dennis. At the hearing, the petitioner indicated that he was not able to retain attorney Devoe and that he would represent himself. Judge Dennis issued an Order on April 4, 2003 granting the motion to dismiss the PCR by the State on the basis that it was not timely filed.[2]

The petitioner filed a Petition for Writ of Certiorari with the South Carolina Supreme Court on September 26, 2003, pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), challenging the finding by the PCR judge that the PCR was barred by the state statute of limitations. On June 9, 2004, his appellate counsel advised the Supreme Court that the petitioner did not wish to pursue the appeal, and the Supreme Court accordingly dismissed the appeal on June 10, 2004. The remittitur was issued on June 28, 2004.

Petitioner filed a second petition for PCR on August 3, 2004, raising grounds that his guilty plea was coerced and alleging ineffective assistance of counsel and violations of due process. The second

---

[2] S.C. Code Ann. § 17-27-45(A) provides: "An application for relief filed pursuant to this chapter must be filed within one year after the entry of judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." Exceptions contained in subsections (B) and (C) of the statute to this time limit (which are not applicable in the case at bar) apply when a new substantive constitutional right is recognized or when new material facts are discovered.

PCR was dismissed on August 9, 2005 by Circuit Judge Kenneth G. Goode, on the basis that the application was untimely under the Uniform Post-Conviction Relief Act, S.C. Code Ann. §17-27-45(A). Judge Goode also found that the second PCR application was successive to the prior application; that the petition failed to show a "sufficient reason" why new grounds for relief were not raised in the prior application; and that the action was barred under S.C. Code Ann. §17-27-90. ("All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application."). Petitioner appealed from the order dismissing the second PCR on August 19, 2005. The Supreme Court dismissed the appeal on September 22, 2005 on the basis that "petitioner has failed to show that there is an arguable basis for asserting that the determination by the lower court was improper." The remittitur came down on October 10, 2005.

As noted hereinabove, this petition for habeas corpus was filed on January 19, 2006. The respondents filed a return and motion for summary judgment on April 19, 2006. A *Roseboro* Order was entered on April 25, 2006, advising the petitioner of the consequences if he failed to respond within 34 days. Petitioner failed to respond within 34 days, and Magistrate Judge Carr entered an Order dated June 5, 2006 giving petitioner an additional 10 days to file a response or the case would be dismissed for failure to prosecute. The petitioner filed a brief in opposition to summary judgment on June 12, 2006.

The Magistrate Judge issued a report and recommendation on October 11, 2006 recommending that the respondents' motion for summary judgment be granted and that the petition for habeas corpus be dismissed as untimely based on the statute of limitations of AEDPA, 28 U.S.C. § 2244(d). On October 30, 2006, the petitioner filed objections to the Report.

3

## SCOPE OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr filed October 16, 2006. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## ANALYSIS

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the case at bar, there is no allegation by the petitioner that "an impediment" existed under state law which violated the Constitution and which prevented the petitioner from filing this action under subsection (B) of the Act. There has also been no allegation that the case involves a new right recognized by the Supreme Court under (C) or that the factual predicate for the claim was only recently discovered under (D). Instead, the petitioner asserts that the one-year period specified in AEDPA does not bar his claim on the basis that his trial attorney failed to file an appeal from his conviction, against his wishes. (See affidavit of the petitioner filed in opposition to summary judgment ). He contends that, had an appeal been filed, his deadline for filing his habeas petition would have been extended.

This argument lacks merit. Although the petitioner is correct that his time for filing his habeas corpus petition would have been extended by the filing of a direct appeal from his conviction, the South Carolina courts found that petitioner failed to timely file a PCR application. "When a post conviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), holding that a habeas petitioner's state PCR petition which was determined by the state court to be untimely under a state statute of limitations was not "properly filed"

under AEDPA.[3]  *See also, Artuz v. Bennett*, 531 U.S. 4 (2005).

Petitioner also contends that he is entitled to an evidentiary hearing in federal court on the merits of his case under *Townsend v. Sain*, 372 U.S. 293 (1963).  The court notes that *Townsend* was overruled by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), which held that a "cause and prejudice" standard rather than a "deliberate by-pass" standard is the standard for excusing a habeas petitioner's failure to develop a material fact in state court proceedings.  Under the "cause and prejudice" standard, a habeas petitioner must show cause for his failure to develop the facts in state court proceedings which resulted in a "fundamental miscarriage of justice."  However, the federal habeas statute has since been amended in 1996 to provide in 28 U.S.C. § 2254(c)(2) that if the applicant has failed to develop the factual basis of the charge in state court, the federal court will not hold an evidentiary hearing unless the petitioner shows that his claim relies on a new rule of constitutional law or a factual predicate that could not have been discovered through the exercise of due diligence.

Finally, the petitioner asserts that the one-year statutory limitation for habeas actions does not apply to convictions that became final before April 24, 1996, citing *Lindh v. Murphy*, 521 U.S. 320 (1997) (holding the 1996 amendments to § 2254(d) did not apply to noncapital habeas cases pending when the Act was passed.)  In the case at bar, the petitioner's habeas action was not initiated until 2006. Therefore, the provisions of AEDPA apply.

The Court finds that the petitioner's August 5, 1992 plea became final on August 15, 1992, at

---

[3] Petitioner has not asserted that he is entitled to equitable tolling.  Nevertheless, he has not met the prerequisites for such a claim since he has not shown that he pursued his rights diligently and that "some extraordinary circumstance stood in his way".  *Id*. at 417.  In the case at bar, the petitioner did not pursue a direct appeal and waited almost nine years after his conviction in state court to file a petition for post-conviction relief. He then abandoned his appeal from the finding his PCR was not timely and later filed a successive time-barred PCR action.

the end of the ten (10) day period in which he could have timely appealed his general sessions case. *See* Rule 203(b)(2), South Carolina Appellate Court Rules. As his conviction became final before the AEDPA's effective date of April 24, 1996, the petitioner had one year from the effective date of the statute in which he could have timely filed for habeas review. *Hernandez v. Caldwell*, 225 F.3d 435, 437 (4th Cir. 2000). Therefore, the petitioner's time for filing expired on April 24, 1997. The tolling provision of AEDPA is not applicable since the petitioner's PCR applications were not timely filed. Therefore, the Court finds that the petition for habeas corpus was not filed in a timely manner and must be dismissed.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED**.

**IT IS SO ORDERED.**

                s/R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

November 27, 2006
Florence, South Carolina